United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

AHMAD RASHAD FULLER SR.,
Plaintiff,
v.
GREEN DOT BANK,
Defendant.

Case No. 26-cv-07508-CRB

**ORDER COMPELLING ARBITRATION**

Plaintiff Ahmad Rasha Fuller sued Green Dot Bank, alleging that after he deposited a federal tax refund of $19,415.52 in one of its accounts, Green Dot inexplicably mailed a check for the funds to an unknown individual who then cashed it. See First Am. Compl. ("FAC") (dkt. 21) at 1–2. Mr. Fuller raises several statutory and common law claims, seeking redress. Id. at 2–3. Defendant responded, requesting this Court stay the claims and compel arbitration because Mr. Fuller agreed to a binding arbitration clause when he created his account. See Mem. of Points and Auths. in Supp. of Def.'s Mot. to Stay Claims in Favor of Arb. or Dismissal ("Motions") (dkt. 23) at 1–7. This Court agrees. The Court thus **STAYS** Mr. Fuller's claims and **GRANTS** the motion to compel arbitration.

## I. BACKGROUND

Mr. Fuller's deposited his federal tax refund of $19,415.52 into his Green Dot account on December 16, 2024. FAC at 1. Without Mr. Fuller's authorization, Green Dot sent a paper check for those funds to an unknown address. Id. Around January 1, 2025, someone cashed that check. Id. at 2. Mr. Fuller reported the problem to Green Dot and Green Dot opened an investigation and assigned the case a claim number. Id. Green Dot

ultimately denied Mr. Fuller's claim. Id. Mr. Fuller alleges he received no "meaningful explanation" of the denial, no reimbursement, and that Green Dot failed to conduct a "commercially reasonable investigation" into the incident. Id. He filed this suit pro se and alleges Green Dot violated the Electronic Fund Transfer Act, 42 U.S.C. § 1981, and common law protections against negligence and conversion. Id. at 2–3.

Green Dot filed a motion to dismiss and a motion to stay claims in favor of arbitration. Motions. It argues that Mr. Fuller agreed to an arbitration agreement when he signed up for his Green Dot account and that all claims relating to the account are subject to arbitration. Motions at 2–3. To activate his account, Mr. Fuller had to click a box acknowledging and agreeing to the Cardholder Agreement containing the arbitration clause. Reply in Supp. of Mot. to Stay Claims in Favor of Arb. or Dismissal ("Reply") (dkt. 26) at 6. The arbitration agreement states that:

> Your Card is being made available and priced by the Bank on the basis of your acceptance of the following arbitration clause. By accepting your Card, you acknowledge that you are giving up the right to litigate Claims (as defined below) if either party elects arbitration of the Claims pursuant to this cause, except as otherwise expressly provided herein, and you hereby knowingly and voluntarily waive the right to trial of all Claims subject to this agreement.

The agreement's definition of arbitrable claims includes:

> [A]ny claim, dispute, or controversy . . . arising from or relating to: (i) the Card; (ii) any service relating to the Card; (iii) the marketing of the Card; (iv) this Agreement, including the validity, enforceability, interpretation, scope or application of this Agreement and this arbitration provision (except for the prohibition on class or other non-individual claims, which shall be for a court to decide); and (v) any other agreement or instrument relating to the Card or any related service . . . .

See Motions at 2–3.

Mr. Fuller's response argued, in essence, that Green Dot has failed to satisfy its burden of showing that an enforceable arbitration agreement exists between the parties. See Pl.'s Opp. to Def.'s Mot. to Stay Claim in Favor of Arb. or Dismiss ("Opp.") (dkt. 24) at 5–7 (document incorporated by reference within motion for leave to file late opposition).

United States District Court
Northern District of California

## II. LEGAL STANDARD

Although the Court has both a motion to dismiss and motion to compel arbitration before it, the request for arbitration comes first. See Szutu v. Charles Schwab, No. 26-cv-07921-AH, 2026 WL 2871218, at *2 (C.D. Cal. Sept. 23, 2026). If an arbitration agreement exists, the sufficiency of a claim should be handled in arbitration, not by this Court. See G.P. v. Hernandez Arevalo, No. 26-284-KKE, 2026 WL 2640666, at *5 (W.D. Wash. Sept. 8, 2026) ("[T]he arbitrator, rather than the Court, should assess the sufficiency of [the plaintiff's] pleading.").

The Federal Arbitration Act ("FAA") created a strong policy in favor of arbitration. Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Id. (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

When ruling on a motion to compel arbitration, courts must only determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). If the answer to both questions is "yes," the court must enforce the arbitration agreement. Id.

## III. DISCUSSION

### A. A Valid Agreement

Green Dot's arbitration agreement is valid and enforceable. To sign up for his account, Mr. Fuller had to click a box stating that he had "read and agree[d] to . . . the Cardholder agreement," with the Agreement linked. See Second Decl. of Ralicia Leapheart (dkt. 26-1) at 1. This is a "clickwrap" agreement, and courts have "routinely found clickwrap agreements enforceable." Keebaugh v. Warner Bros. Ent. Inc., 100 F.4th 1005, 1014 (9th Cir. 2024) (quoting Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 856 (9th Cir. 2022)); see In re Wyze Data Incident Litig., No. C20-0282-JCC, 2020 WL 6202724, at *2 (W.D. Wash. Oct. 22, 2020) (collecting cases showing that "courts throughout this circuit have consistently upheld arbitration provisions contained in

United States District Court
Northern District of California

clickwrap agreements"). Green Dot's clickwrap agreement links to the Cardholder Agreement, which notes the arbitration clause at the top in bold and capitalized letters. See Motions at 2. Notice and assent are clear.[1]

Mr. Fuller responds that Green Dot must provide support for the claim that a matter is covered by an arbitration clause—and argues Green Dot's declarations are insufficient to do so. See Opp. at 6. But Green Dot here has done enough. The moving party must show the existence of an agreement by a preponderance of the evidence if the plaintiff challenges the agreement's validity. See Zamudio v. Aerotek, Inc., 733 F. Supp. 3d 931, 938 (E.D. Cal. 2024). While Mr. Fuller does not directly challenge the existence of the arbitration agreement—but only the sufficiency of Green Dot's evidence—Green Dot's declarations are enough to satisfy even the preponderance standard. They provide a copy of the cardholder agreement, show Mr. Fuller could not have created an account except by agreeing to its terms, and that Mr. Fuller created his account on March 9, 2023. See Second Decl. of Ralicia Leapheart (dkt. 26-1) at 1–2; Decl. of Ralicia Leapheart (dkt. 23-1). Green Dot is right that requiring more, like a declaration from someone who "personally observed Plaintiff" click the box, Opp. at 6, would render online arbitration agreements all but unenforceable. See Reply at 7–8. Evidence that an account cannot be created without ascent to the agreement is sufficient. And Green Dot has provided that.

### B. Encompassing the Dispute

This arbitration agreement encompasses Mr. Fuller's claim. The arbitration clause covers claims "arising from or relating to . . . any service relating to the Card." Motions at 2. Mr. Fuller's claims relate to Green Dot's handling of funds in his Card account. See generally FAC. The question of whether Green Dot is liable for mistakenly sending those funds to another third party is inextricably linked with questions about Mr. Fuller's and

[1] Mr. Fuller's citation to Berman to argue that there was insufficient notice and assent here is unavailing. Opp. at 5. The Berman court itself said that clickwrap agreements are the most "straightforward application" of contracting principles in online contracts. See 30 F.4th at 856. And the Court sees no reason to distinguish this agreement from others courts have found binding and valid.

United States District Court
Northern District of California

Green Dot's use of the Card account. In light of the FAA's strong policy in favor of arbitration, this Court resolves any doubts in favor of arbitration. Simula, 175 F.3d at 719. The Court has little doubt.

### C. Conclusion on Arbitrability

Mr. Fuller is subject to a valid arbitration agreement that encompasses this dispute. This Court must compel arbitration of the claims.

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS** the motion to compel arbitration and **STAYS** Mr. Fullers claims.

**IT IS SO ORDERED.**

Dated: October 14, 2026

CHARLES R. BREYER
United States District Judge